IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PEDRO EULALIA,

    Plaintiff,

vs.

FRONTIER AIRLINES, INC.,

    Defendant

CIVIL ACTION NO.

### DEFENDANT FRONTIER AIRLINES INC.'S NOTICE OF REMOVAL

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), pursuant to 28 U.S.C. §§1332, 1441, and 1446, hereby removes the above-captioned civil action in its entirety from the Circuit Court of Eleventh Judicial Circuit in Miami-Dade County, Florida to the United States District Court for the Southern District of Florida based on diversity jurisdiction. In support of its Notice of Removal, Frontier states as follows:

1. This is an action arising out of the purported fall and subsequent head injury of Plaintiff Pedro Eulalia ("Plaintiff") after deplaning from Frontier flight #F918, which was a scheduled flight from Guatemala City, Guatemala (GUA) to Miami, Florida (MIA) on or about May 15, 2023.

2. On October 3, 2024, Plaintiff filed his Complaint against Frontier in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, asserting a state law claim of negligence against Frontier. A copy of Plaintiff's complaint is attached hereto as Exhibit A.

3. Frontier was served with the Complaint on November 15, 2024. *See id*. Thus, this Notice of Removal is timely under 28 U.S.C. §1446(b), within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for

the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

4. 28 U.S.C § 1332 grants original jurisdiction to the district court "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different States. 28 U.S.C. § 1332(a). For the purposes of this section, a corporation shall be deemed to be a citizen of every State by which it has been incorporated, and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). Federal courts have held a corporation's "principal place of business," refers to the place where high level officers direct, control, and coordinate the corporation's activities, metaphorically called the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Typically, this "nerve center," is determined to be the corporation's headquarters. *Id* at 81.

5. Plaintiff is domiciled in Bonita Springs, Florida, while Frontier is incorporated under the laws of Colorado and headquartered with its principal place of business in Denver, Colorado. Therefore, the parties have complete diversity.

6. If removal is sought on the basis of diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). Where a plaintiff has not pleaded a specific amount in damages, the removing defendant bears the burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover as a result of the lawsuit. *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1045 (11th Cir. 2020) (quoting *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019)). The evidence the defendant my use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 768 (11th Cir. 2010).

7. Plaintiff alleges that he required a wheelchair, but Frontier failed to provide him

one, subjecting him to a dangerous situation. He claims that he was forced to use an escalator, resulting in a fall that caused a injury to his head. He alleges that his injuries are permanent and represent a physical disability. In Plaintiff's Complaint, he alleges damages in excess of $50,000, exclusive of interest and costs. Ex. A, ¶ 1. While Plaintiff's complaint does not allege a specific number to the damages sought, he alleges that he suffered injuries "in and about his body and extremities . . . pain and suffering, permanent disability and disfigurement, medical and maintenance expenses and wage loss" resulting from his alleged fall and head injury. *Id*. at ¶ 12.

8.  Considering these alleged details, and a potential jury finding in favor of Plaintiff, the pleadings present an amount in controversy which easily exceeds the statutory requirement of $75,000. Indeed, courts adjudicating other injury cases have awarded more than that amount for single categories of damages alone. *See Henderson v. S.C. Loveland Co.*, 390 F. Supp. 347, 353 (N.D. Fla. Dec. 12, 1974) (Court awarded $150,000.00 for ongoing pain, suffering and loss of enjoyment); *Hiatt v. United States,* 910 F.2d 737, 739 (11th Cir. 1990) (Court awarded $361,325.00 for loss of support based on an average annual income of $74,770 and projected earning capacity).

9.  The United States District Court of the Southern District of Florida is the federal court embracing the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, which is the place where the original action was filed. Thus, Frontier properly seeks to remove this action to this Court. *See* 28 U.S.C. § 1441(a).

10. Pursuant to 28 U.S.C. § 1446(a), Frontier has attached copies of all process and pleadings served upon it in the State Court record. *See* Exhibit B.

11. Pursuant to 28 U.S.C. § 1446(d), Frontier will promptly serve a copy of this Notice of Removal on Plaintiff and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Eleventh Judicial District of the State of Florida, Miami-Dade County.

WHEREFORE, Defendant FRONTIER AIRLINES, INC., hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida, to the United States District court for the Southern District of Florida.

Dated: December 5, 2024             Respectfully submitted,

/s/ *Christopher Wadsworth*
Christopher W. Wadsworth
Florida Bar No. 78026
E-Mail: cw@wmd-law.org
E-Mail: pleadings@wmd-law.org
261 NE 1st Street, 5th Floor
Miami, Florida 33132
(305) 777-1000 Telephone
(305) 777-1001 Facsimile

and

Brian T. Maye, Esq.
(*pro hac vice* motion forthcoming)
FITZPATRICK, HUNT & PAGANO LLP
10 S La Salle St, Suite 3400
Chicago, Illinois 60603
Phone: (312) 728-4000
Email:brian.maye@fitzhunt.com

*Counsel for Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing document has been electronically filed and sent to Plaintiff through Clerk of the U.S. District Court for the Southern District of Florida by using the CM/ECF system on this 5th day of December, 2024, and by emailing a copy to Debi Chalik, 10063 N.W. 1st Court, Plantation, Florida 33324, Telephone: (954) 476-1000, Facsimile: (954) 472-1173, Email: litigation@chaliklaw.com.

/s/ *Christopher Wadsworth*
Christopher W. Wadsworth
Florida Bar No. 78026
E-Mail: cw@wmd-law.org
E-Mail: pleadings@wmd-law.org
261 NE 1st Street, 5th Floor
Miami, Florida 33132
(305) 777-1000 Telephone
(305) 777-1001 Facsimile