EXHIBIT "B"

Filing # 209796650 E-Filed 10/29/2024 11:36:23 AM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO: 2024-019053-CA-01

PEDRO EULALIA,

        Plaintiff,

v

FRONTIER AIRLINES, INC.
A foreign profit corporation.

        Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Interrogatories, Request for Admissions, and Request for Production in this action on Defendant:

        **FRONTIER AIRLINES, INC.**

**By Serving its Registered Agent:**

        **CORPORATION SERVICE COMPANY**
        **1201 HAYS STREET**
        **TALLAHASSEE, FL 32301-2525**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the **"Plaintiff/Plaintiff's Attorney"** named below.

**PLAINTIFF'S ATTORNEY:**

Ernest D. Moody, CPS #229
2nd Judicial Circuit of Florida
Date: 11/15/24   Time: 1:45p

DEBI F. CHALIK, ESQUIRE
LAW OFFICES OF CHALIK & CHALIK, P.A.
10063 N. W. 1st Court
Plantation, Florida 33324
(954) 476-1000

## AMERICANS WITH DISABILITIES ACT OF 1990 ADA NOTICE

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

PLAINTIFF'S ATTORNEY:

DEBI F. CHALIK, ESQUIRE
LAW OFFICES OF CHALIK & CHALIK, P.A.
10063 N. W. 1st Court
Plantation, Florida 33324
(954) 476-1000

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita

fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou a un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au **"Plaintiff/Plaintiff 's Attorney"** (Plaignant ou à son avocat) nomme ci-dessous.

PLAINTIFF'S ATTORNEY:

> DEBI F. CHALIK, ESQUIRE
> LAW OFFICES OF CHALIK & CHALIK, P.A.
> 10063 N. W. 1ˢᵗ Court
> Plantation, Florida 33324
> (954) 476-1000

### ACT DE 1990 POUR AMERICAINS HANDICAPES AVIS DE l' ADA

"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email: ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

10/29/2024

DATED:_____

CLERK OF THE COURT

By:_____
DEPUTY CLERK

Filing # 208207171 E-Filed 10/03/2024 02:22:33 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO:

PEDRO EULALIA,

        Plaintiff,

v

FRONTIER AIRLINES, INC.
A foreign profit corporation.

        Defendant.

_____/

## COMPLAINT

The Plaintiff, PEDRO EULALIA, by and through his undersigned counsel, sues the Defendant, FRONTIER AIRLINES, INC., a Foreign Profit Corporation, and alleges as follows:

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

2. The Plaintiff, PEDRO EULALIA is and was a resident of Bonita Springs, Lee County, Florida, is over the age of eighteen (18) years, and is otherwise *sui juris*.

3. At all times material hereto, Defendant, FRONTIER AIRLINES, INC., was and is a foreign corporation duly authorized to do business in the State of Florida.

4. On or about May 15, 2023, the Plaintiff, PEDRO EULALIA was an airline passenger upon Defendant, FRONTIER AIRLINES, INC., flight number F918 from Guatemala City, Guatemala to Miami, Florida.

5.     After Plaintiff's arrival at Miami International Airport, Defendant FRONTIER AIRLINES, INC., was supposed to provide a wheelchair for Plaintiff since this was previously reserved by Plaintiff, for his safety.

6.     Upon Plaintiff's exit from the plane, there was no wheelchair and he was instructed by Defendant's FRONTIER AIRLINES, INC., employee to take escalator to the third floor. As a result of Defendant's negligence in failing to provide said wheelchair, Plaintiff fell on the escalator striking his head.

## COUNT III - NEGLIGENCE AGAINST DEFENDANT FRONTIER AIRLINES, INC.

7.     Plaintiff re-alleges all allegations in paragraphs 1 through 6 above as if alleged fully herein.

8.     On or about May 15, 2023, the Defendant owed to Plaintiff, PEDRO EULALIA a fare-paying passenger to ensure he would be reasonably safe to traverse the Miami International Airport upon Plaintiff's arrival by way of providing a wheelchair.

9.     Defendant FRONTIER AIRLINES, INC had knowledge of the Plaintiff's request for a wheelchair and knowledge of the Plaintiff's need for assistance to and from the gate due to his inability to walk long distances unassisted, as this request was made to the Defendant at the time the Plaintiff booked his reservation.

10.    Defendant FRONTIER AIRLINES, INC. breached its duty to the Plaintiff, PEDRO EULALIA, by failing to provide a wheelchair for the Plaintiff upon his exit from the plane and instructing him to take an escalator to the third floor.

11.    The Defendant knew or should have known it was placing Plaintiff, PEDRO EULALIA, in danger by forcing Plaintiff to walk and take an escalator.

12.     That as a direct and proximate result of the aforementioned negligence, the Plaintiff, PEDRO EULALIA, was injured in and about his body and extremities, suffered physical handicap and/or aggravation of a pre-existing condition, physical and mental pain and suffering, permanent disability and disfigurement, medical and maintenance expenses and wage loss.  Said injuries and losses are either permanent or continuing in nature and the Plaintiff will suffer such losses and impairments in the future.

WHEREFORE, Plaintiff, PEDRO EULALIA, sues the Defendant, FRONTIER AIRLINES, INC., and demands judgment for damages in excess of Fifty Thousand Dollars ($50,000.00), and further demands a trial by jury of all issues so triable.


DATED: October 3, 2024

> **CHALIK & CHALIK, P.A.**
> Attorneys for Plaintiff
> 10063 N. W. 1st Court
> Plantation, Florida 33324
> Tel.:   (954) 476-1000
> Fax:   (954) 472-1173
> Service: litigation@chaliklaw.com
>
> By: /s/ Debi F. Chalik
>       DEBI F. CHALIK
>       Florida Bar No. 179566
>       Debi@chaliklaw.com

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO:

PEDRO EULALIA,

        Plaintiff,

v

FRONTIER AIRLINES, INC.
A foreign profit corporation.

        Defendant.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, FRONTIER AIRLINES, INC.

Plaintiff, PEDRO EULALIA, by and through her undersigned counsel, pursuant to applicable Rules of Civil Procedure, propounds the attached Interrogatories numbered 1 through 21 to Defendants, FRONTIER AIRLINES, INC. to be answered within forty-five (45) days from the date of service of process.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by service of process to the Defendant together with the Summons and Complaint.

**CHALIK & CHALIK, P.A.**
Attorneys for Plaintiff
10063 N. W. 1st Court
Plantation, Florida 33324
Tel.: (954) 476-1000
Fax: (954) 472-1173
Service: litigation@chaliklaw.com

By: /s/ Debi F. Chalik
    DEBI F. CHALIK
    Florida Bar No. 179566
    Debi@chaliklaw.com

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. What is the name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

2. Describe any and all polices of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies the insured, the number of the policy, the effective date of the policy, the available limits of liability and the name and address of the custodian of the policy.

3. Give the date, hour and time that the alleged accident/incident happened.

4. State fully and completely how the alleged accident/incident happened, providing in your answer the complete chronology of events, and any actions taken by you to prevent the incident.

5. Identify each and every person known to you who:

   a. Witnessed the accident/incident.
   b. Was in the vicinity of the accident/incident.
   c. Was on the premises at the time of the accident/incident.

6. After each name provided in answer to Interrogatory Number 5, list the person's address and relationship, if any, to the defendant.

7. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was the contributing legal cause of the incident in question.

8. Please state whether you or your agents or employees rendered any assistance or support of any kind to the plaintiff after the alleged accident/incident and if so, describe the assistance that was rendered to the plaintiff.

9. Delineate as fully as possible any statements, either oral or written, given to you or to any of the defendant's agents or employees, by the plaintiff at the time of the alleged accident/incident specifying:

   a. Whether this statement was oral or written.
   b. To whom it was given.
   c. The name and address of the person to whom it was given.
   d. The substance of the statement.
   e. Who, if the statement is in written or recorded form, is its present custodian.

10. Describe in as much detail as possible the actual place or location of the alleged accident/incident of the defendant specifying:

    a.    All identifying aspects of the place or location.
    b.    The general condition of the place or location.

11. In reference to the wheelchair that was requested at time of booking, as alleged in the Complaint, please state:

    a.    The name and address of the person and/or company who is responsible for reserving the wheelchair to passengers.
    b.    The name and address of the person and/or company who is responsible for providing and/or confirming that the requested wheelchair is at the gate upon deplaning.

12. At any time did any person give you or any of your agents or employees any written or oral warnings, signals, notices or statements detailing the request for a wheelchair regarding this accident?

13. Describe fully and completely the procedure the defendant or its employees had for ensuring that all passengers who request a wheelchair upon exit of the aircraft are provided said wheelchar and whether such procedure was followed at the time of this accident.

14. At any time prior to the accident/incident did you or any of the defendant's agents or employees ensure the availability of the requested wheelchair for any and all passengers who may have requested one?

15. If your answer to interrogatory numbers 13 and/or 14 is in the affirmative, detail for the inspection:

    a.    The date and time it was made.
    b.    The procedure used for making it.
    c.    The names and addresses of all persons making it.
    d.    What such inspection revealed.

16. List everything that you or any of the defendant's agents or employees did to avoid the alleged accident/incident.

17. Did you, any of your agents or employees, your insurance carrier or your legal representative ever take or receive any oral or written statement by a person who witnessed the accident/incident or who has any information or knowledge about it. If so, please specify:

    a.    The nature of the statement.
    b.    The person who made the statement.

    c.      The person or received the statement.

    d.      If the statement is in a written or recorded form, its present custodian.

18.    Were you charged with any violation of law or any regulation ordinances arising out of the incident described in the complaint? If so, what was the nature of the charge, what plea or answer, if any, did you enter into the charge, what court or agency heard the charge and was any written report prepared by anyone regarding the charge and, if so, what is the name and address of the person or entity who prepared the report, do you have a copy of the report and was the testimony at any trial, hearing or other proceeding on the charge recorded in any manner and, if so, what is the name and address of the person who recorded the testimony.

19.    List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter by which the witness has knowledge.

20.    List the name, address, qualifications and expertise of each expert witness you intend to call at trial, summarize each opinion that will be given and specify the facts upon which each opinion is based.

21.    At the time of plaintiff's injury, do you contend that any person or entity other than you or anyone acting on your behalf was responsible for ensuring Plaintiff had a wheelchair waiting for him at the gate at the time of this accident? If your answer is in the affirmative, state each and every fact upon which you base your contention.

By:_____

          Name:

          Title:

STATE OF _____

COUNTY OF _____

      Before me, the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared _____, who after being by me duly sworn, deposes and says: That the answers to the above and foregoing Interrogatories are true and correct to the best of _____ knowledge and belief.

      Sworn to and subscribed before me this on this _____day of _____, 2024.

               _____

               Signature of Notary Public - State of _____

               _____

               Print, Type or Stamp Commissioned Name of Notary

Personally Known ☐  OR Produced Identification ☐

Type Identification Produced

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO:

PEDRO EULALIA,

          Plaintiff,

v

FRONTIER AIRLINES, INC.
A foreign profit corporation.

          Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Pursuant to Rule 1.370, Florida Rules of Civil Procedure, Defendants, FRONTIER

AIRLINES, INC, are hereby requested to admit the truth of these matters hereinafter set

forth on or by the forty-fifth (45) day after service hereof by answering in writing.

1.      The accident, which is the subject of this case, was the fault of Defendant,

FRONTIER AIRLINES, INC.

2.      The Plaintiff, PEDRO EULALIA, is not comparatively negligent in any way

with respect to the accident, which is the subject of this case.

3.      As a result of the accident of May 15, 2023, Plaintiff, PEDRO EULALIA,

has sustained injuries.

4.      As a result of said accident, the Plaintiff, PEDRO EULALIA, has sustained

medical bills in connection with the care and treatment of said injuries.

5.      Defendant FRONTIER AIRLINES, INC., had knowledge of the Plaintiff's

request for wheelchair assistance upon exiting the plane prior to the date of this accident.

6.       Defendant FRONTIER AIRLINES, INC., was responsible for providing a wheelchair to the Plaintiff upon his exit of the aircraft at Miami International Airport.

7.       Defendant FRONTIER AIRLINES, INC., failed to provide a wheelchair to the Plaintiff upon his exit of the aircraft at Miami International Airport.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the Florida E-Filing Portal.

> **CHALIK & CHALIK, P.A.**
> Attorneys for Plaintiff
> 10063 N. W. 1ˢᵗ Court
> Plantation, Florida 33324
> Tel.:   (954) 476-1000
> Fax:   (954) 472-1173
> Service: litigation@chaliklaw.com
>
> By: /s/ Debi F. Chalik
>       DEBI F. CHALIK
>       Florida Bar No. 179566
>       Debi@chaliklaw.com

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO:

PEDRO EULALIA,

        Plaintiff,

v

FRONTIER AIRLINES, INC.
A foreign profit corporation.

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

The Plaintiff, PEDRO EULALIA, by and through his undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, requests the Defendant, FRONTIER AIRLINES, INC, to produce the following for inspection and/or copying at the offices of the undersigned, within forty-five (45) days from the date of service of process upon the Defendants, and as grounds would state that these items are relevant and material and are not privileged and/or work product and that these items are otherwise not available to the Plaintiff.

1. Any and all accident reports made out in the routine course of business as a matter of company policy pertaining to the subject accident.

2. Any and all agreements entered into by the Defendants, FRONTIER AIRLINES, INC, involving wheelchair access for the Plaintiff.

3. Any and all liability policies covering the subject accident at the time of the incident.

4. Any and all surveillance videos, movies, and/or photographs of the Plaintiff, PEDRO EULALIA.

5. Any documents detailing the Plaintiff's reservation (Confirmation No. SIPHNH) made May 15, 2023.

6. Any and all policies and/or procedures Defendant's agents and/or employees must follow when a passenger requests a wheelchair to exit the gate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by service of process to the Defendant together with the Summons and Complaint.

**CHALIK & CHALIK, P.A.**
Attorneys for Plaintiff
10063 N. W. 1st Court
Plantation, Florida 33324
Tel.:   (954) 476-1000
Fax:   (954) 472-1173
Service:  litigation@chaliklaw.com


By: /s/ Debi F. Chalik

DEBI F. CHALIK
Florida Bar No. 179566
Debi@chaliklaw.com

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO.: 2024-019053-CA-01**
**SECTION:  CA11**

**Pedro Eulalia**
**Plaintiff(s),**

**vs.**

**Frontier Airlines**
**Defendant(s)**

_____/

## CASE MANAGEMENT ORDER (GENERAL PATHWAY)

     **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

     **ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court. The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| Deadline for Service of Complaint: | 01-30-2025 |

| | |
|---|---|
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **02-19-2025** |
| **Deadline for Witness and Exhibit List, including known experts:** | **03-27-2025** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **04-06-2025** |
| **Deadline for Adding Parties:** | **05-06-2025** |
| **Deadline for Inspections/Examinations:** | **05-21-2025** |
| **Deadline for Expert Disclosure:** | **07-20-2025** |
| **Deadline for Discovery Completion (Including Depositions):** | **09-18-2025** |
| **Deadline for Final Witness and Exhibit List:** | **10-23-2025** |
| **Deadline for Dispositive Motions:** | **11-06-2025** |
| **Deadline for Pretrial Motions and Jury Instructions/Daubert:** | **11-21-2025** |
| **Deadline for ADR/Mediation:** | **12-06-2025** |
| **Trial Ready Deadline:** | **12-06-2025** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, _not through staff_, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions shall be submitted via courtMAP with supporting documents and shall not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances.   The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.</u>   <u>Last minute cancellations are disfavored</u>.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

   Failure to timely provide the privilege log may result in the waiver of the privilege.

This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time.  Refer to paragraph 4 above regarding motions for protective order.


## Witness and Exhibits Lists


10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## **Mediation**

11. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

     **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **2nd day of December, 2024** .

2024-019053-CA-01 12-02-2024 11:35 PM

2024-019053-CA-01 12-02-2024 11:35 PM
**Spencer Eig**
CIRCUIT COURT JUDGE

Copies Furnished to:
Electronically Served

Debi F Chalik, litigation@chaliklaw.com
Debi F Chalik, samantha@chaliklaw.com
Debi F Chalik, Rosa.Letona@chaliklaw.com