IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2024-019053-CA-01
SECTION: CA11

**Pedro Eulalia**
Plaintiff(s),

vs.

**Frontier Airlines**
Defendant(s)

_____/

## CASE MANAGEMENT ORDER (GENERAL PATHWAY)

**THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

**ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court. The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.
2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| Deadline for Service of Complaint: | 01-30-2025 |

| | |
|---|---|
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | 02-19-2025 |
| **Deadline for Witness and Exhibit List, including known experts:** | 03-27-2025 |
| **Deadline for Initial Scheduling and Setting Depositions:** | 04-06-2025 |
| **Deadline for Adding Parties:** | 05-06-2025 |
| **Deadline for Inspections/Examinations:** | 05-21-2025 |
| **Deadline for Expert Disclosure:** | 07-20-2025 |
| **Deadline for Discovery Completion (Including Depositions):** | 09-18-2025 |
| **Deadline for Final Witness and Exhibit List:** | 10-23-2025 |
| **Deadline for Dispositive Motions:** | 11-06-2025 |
| **Deadline for Pretrial Motions and Jury Instructions/Daubert:** | 11-21-2025 |
| **Deadline for ADR/Mediation:** | 12-06-2025 |
| **Trial Ready Deadline:** | 12-06-2025 |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, *not through staff*, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.
2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing may be ruled upon by the Court on the papers.
3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions shall be submitted via courtMAP with supporting documents and shall *not* be placed on motion calendar.
4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances. The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.
6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date</u>. <u>Last minute cancellations are disfavored</u>.
7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

## Discovery

8. **Written Discovery shall be propounded promptly**:

    a. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.
    b. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.
    c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

    Failure to timely provide the privilege log may result in the waiver of the privilege.

This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product e<u>xcept</u> the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

   d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time. Refer to paragraph 4 above regarding motions for protective order.

## Witness and Exhibits Lists

10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## Mediation

11. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this __2nd day of December, 2024__.

2024-019053-CA-01 12-02-2024 11:35 PM

2024-019053-CA-01 12-02-2024 11:35 PM

**Spencer Eig**
CIRCUIT COURT JUDGE

Copies Furnished to:
Electronically Served

Debi F Chalik, litigation@chaliklaw.com
Debi F Chalik, samantha@chaliklaw.com
Debi F Chalik, Rosa.Letona@chaliklaw.com