IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PEDRO EULALIA,   Case No. 1:24-cv-24761-BB

    Plaintiff,

v.   Hon. Beth Bloom

FRONTIER AIRLINES, INC.,

    Defendant.
_____/

### DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO DISMISS

Defendant, Frontier Airlines, Inc., by its undersigned counsel, brings the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), and in support thereof states as follows:

### I. INTRODUCTION

Plaintiff Pedro Eulalia ("Plaintiff") filed a Complaint alleging that Frontier Airlines, Inc. ("Frontier") negligently deprived him of a wheelchair, causing a subsequent fall. Plaintiff brings a claim of negligence pursuant to Florida state law but fails to sufficiently plead a cause of action due to the claim being preempted by the Montreal Convention.

### II. BACKGROUND

Plaintiff alleges that on May 15, 2023, he was a passenger on Frontier flight 18, scheduled from Guatemala City, Guatemala to Miami, Florida. (See Plaintiff's Complaint at p.4, attached as Exhibit A). He alleges that prior to the flight, he had requested that Frontier provide him wheelchair services at the Miami International Airport. *Id*. at 5. Upon his arrival in Miami, Plaintiff claims that there was no wheelchair provided to him by Frontier, forcing him to take an escalator to

another floor of the airport. *Id*. at 5. He alleges that while taking the escalator, he fell and sustained an injury. *Id*.

### III.     LEGAL STANDARD

A defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted). The federal pleading standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Twombly*, 550 U.S. at 555. The factual allegations must go beyond the sheer possibility that a defendant has acted unlawfully. *Id.* at 557.

### IV.     ARGUMENT

**A.     Plaintiff's Action is Preempted by the Montreal Convention**

The Montreal Convention governs the rights and liabilities of air carriers in "persons, baggage, or cargo." Convention for the Unification of Certain Rules for International Carriage by Air (hereinafter "Montreal Convention," or "Convention"), Art. 1(1), May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 350. The treaty is controlling when the plaintiff engages in "international carriage," which is defined as: "any carriage in which . . . the place of departure and the place of destination, whether or not there be a break in the carriage, are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an

agreed stopping place within the territory of another State, even if that State is not a State Party." *Id*. at Art. 1(2). The Convention is the sole grounds for carrier liability in such circumstances when the claim involves death, bodily injury, or damage to passenger baggage, even if the claims are not cognizable (*i.e.,* even if they do not satisfy the conditions for liability) under the Convention. *Cavalieri v. Avior Airlines C.A.*, 2022 U.S. Dist. LEXIS 242573, at *15-16 (S.D. Fla. Nov. 14, 2022).

Here, Plaintiff attempts to bring a state law negligence claim arising out of an international flight from Guatemala City, Guatemala to Miami, Florida. His negligence claim, however, is preempted by the Montreal Convention.

### 1. The alleged incident occurred in the course of Plaintiff disembarking from the subject flight.

The Montreal Convention governs personal injuries suffered during an international flight or while embarking or disembarking from an international flight. *Carias v. Am. Airlines, Inc.*, 2023 U.S. Dist. LEXIS 178680 at *11-14 (S.D. Fla. Oct. 3, 2023)(recognizing that the Eleventh Circuit has enforced the Montreal Convention's preemptive effect by dismissing the state-law claims of international-air plaintiffs). The Eleventh Circuit has adopted the three-prong test from *Day v. Trans World Airlines, Inc.* to determine if an incident occurred in the course of disembarking, asking: (a) what the plaintiffs was doing; (b) at whose direction; and (c) the location where the injury occurred. *Espinoza Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1361 (S.D. Fla. Sep. 4, 2008) (citing *Day v. Trans World Airlines, Inc.*, 528 F.2d 31, 33-34 (2d Cir. 1975)). Generally, "disembarking," is interpreted to mean a close temporal and spatial relationship with the flight itself. *See Chavez v. Am. Airlines, Inc.*, 2017 U.S. Dist. LEXIS 111663 at *6 (S.D. Fla. Jul. 17, 2017) (stating that an injury occurring prior to obtaining luggage and clearing immigration would be considered disembarking); *Bunis v. Israir GSA, Inc.*, 511 Supp. 2d 319, 322-23 (passenger

3

suffering injury in international arrivals area satisfied disembarkation requirement); *Gabra v. Egyptair*, 2000 U.S. Dist. LEXIS 14395 at *7-8 (S.D.N.Y. Oct. 3, 2000) (reasoned plaintiff was disembarking because they were in a restricted area, under direction from airline personnel and separated from the general public).

In the present case, Plaintiff alleges he was injured after deplaning from his international flight from Guatemala City to Miami International Airport. (See Complaint at p.4). As he claims there was no wheelchair provided to him, Plaintiff states that he was instructed to take an escalator by a Frontier employee after exiting the aircraft. *Id*. at 5. Applying the *Day* factors, Plaintiff was (a) deplaning his aircraft following an international flight, (b) following alleged directions of Frontier staff, and (c) in a sterile area prior to customs and immigration checkpoints. *Id*. at 4-5. As in *Chavez*, Plaintiff had not yet exited a restricted area, as he had not yet cleared customs and entered an area open to the general public. *Chavez*, 2017 U.S. Dist. LEXIS 111663 at *6. Further, his actions were allegedly directed by an airline employee like in *Gabra*. *Gabra*, 2017 U.S. Dist. LEXIS 111663 at *7-8.

Accordingly, Plaintiff's alleged harms occurred in the process of disembarking, and thus the Montreal Convention applies to the subject incident. See *Weng Ong v. Am. Airlines, Inc.*, 2022 U.S. Dist. LEXIS 25697, at *6 (N.D. Tex. Feb. 14, 2022)("Regardless of how Plaintiff characterizes her claim and damages in this case, they all arise from American Airlines' decision to remove her from an international flight…and are, therefore, governed and preempted by the Montreal Convention.").

> 2. **The Montreal Convention is Plaintiff's only remedy and preempts his state law claim of negligence.**

The Montreal Convention is the exclusive remedy for personal injuries occurring within its scope. *Carias*, 2023 U.S. Dist. LEXIS 178680 at *14. State-law claims are preempted by the

4

Montreal Convention in order to create a uniform liability scheme for accidents occurring during international travel. *Id.* at *13. The preemptive effect of the treaty is enforced by dismissing a plaintiff's state law claims. *Id.* at *11. The validity of the claim under the Convention is immaterial with regard to preemption. *Id.* at *18. As Plaintiff's claim against Frontier is a state law claim, and is firmly within the Convention's scope, his claim should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Frontier Airlines, Inc., respectfully requests that this Court enter an Order dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and for such further relief as this Court deem just and reasonable.

**WADSWORTH, MARGREY, & DIXON, LLP**
*Attorneys for Defendant*
The Jane Building
261 N.E. 1st Street, 5th Floor
Miami, Florida 33132
(305) 777-1000 Telephone
(305) 777-1001 Facsimile

By: /s/ *David Echavarria*
David H. Echavarria, Esq.
Florida Bar No. 027720
E-mail: de@wmd-law.org
Christopher W. Wadsworth, Esq.
Florida Bar No. 078026
E-mail: cw@wmd-law.org;
pleadings@wmd-law.org

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing document has been electronically filed and sent to Plaintiff through Clerk of the U.S. District Court for the Southern District of Florida by using the CM/ECF system on this **December 13, 2024.**

        **WADSWORTH, MARGREY, & DIXON, LLP**
*Attorneys for Defendant*
The Jane Building
261 N.E. 1st Street, 5th Floor
Miami, Florida 33132
(305) 777-1000 Telephone
(305) 777-1001 Facsimile

By: /s/ *David Echavarria*
David H. Echavarria, Esq.
Florida Bar No. 027720
E-mail: de@wmd-law.org
Christopher W. Wadsworth, Esq.
Florida Bar No. 078026
E-mail: cw@wmd-law.org;
pleadings@wmd-law.org