IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:24-cv-24761

EULALIA PEDRO,

    Plaintiff,

v

FRONTIER AIRLINES, INC.
A foreign profit corporation.

    Defendant.

_____/

## AMENDED COMPLAINT

The Plaintiff, EULALIA PEDRO, by and through her undersigned counsel, sues the Defendant, FRONTIER AIRLINES, INC., a Foreign Profit Corporation, and alleges as follows:

## STATEMENT OF JURISDICTION

This action arises under the Montreal Convention, an international treaty governing liability for passenger injuries occurring during international air transportation, and falls within the jurisdiction of this Court.

## STATEMENT OF FACTS

1. At all times material hereto, Defendant, FRONTIER AIRLINES, INC., was and is a foreign corporation duly authorized to do business in the State of Florida.

2. On or about May 15, 2023, the Plaintiff, EULALIA PEDRO was an airline passenger upon Defendant, FRONTIER AIRLINES, INC., flight number F918 from Guatemala City, Guatemala to Miami, Florida.

3. After Plaintiff's arrival at Miami International Airport, Defendant FRONTIER AIRLINES, INC., was supposed to provide a wheelchair for Plaintiff since this was previously reserved by Plaintiff, for her safety.

4. Upon Plaintiff's exit from the plane, there was no wheelchair and she was instructed by Defendant's FRONTIER AIRLINES, INC., employee to take escalator to the third floor. As a result of Defendant's negligence in failing to provide said wheelchair, Plaintiff fell on the escalator striking her head.

## COUNT I - NEGLIGENCE AGAINST DEFENDANT FRONTIER AIRLINES, INC.

5. Pursuant to Article 17 of the Montreal Convention, Defendant, FRONTIER AIRLINES, INC., as the air carrier is liable for the injuries suffered by a passenger while in the course of disembarking from international travel.

6. On or about May 15, 2023, the Defendant was responsible for ensuring its passengers, including Plaintiff, EULALIA PEDRO, would not sustain bodily injury while disembarking its aircraft at Miami International Airport.

7. Defendant FRONTIER AIRLINES, INC had knowledge of the Plaintiff's request for a wheelchair and knowledge of the Plaintiff's need for assistance to and from the gate due to her inability to walk long distances unassisted, as this request was made to the Defendant at the time the Plaintiff booked her reservation.

8. Defendant FRONTIER AIRLINES, INC. failed to provide a wheelchair for the Plaintiff upon disembarking the plane and instead instructed her to take an escalator to the third floor.

9. The Defendant knew or should have known it was placing Plaintiff, EULALIA PEDRO, in danger by forcing Plaintiff to walk and take an escalator when she clearly needed a wheelchair to disembark.

10. That as a direct and proximate result of Defendant's failure to provide the Plaintiff, EULALIA PEDRO, a wheelchair, Plaintiff was injured in and about her body and extremities, suffered physical handicap and/or aggravation of a pre-existing condition, physical and mental pain and suffering, permanent disability and disfigurement, medical and maintenance expenses and wage loss. Said injuries and losses are either permanent or continuing in nature and the Plaintiff will suffer such losses and impairments in the future.

WHEREFORE, Plaintiff, EULALIA PEDRO, sues the Defendant, FRONTIER AIRLINES, INC., and demands judgment for damages in accordance with the Montreal Convention and further demands a trial by jury of all issues so triable.

DATED: December 23, 2024

**CHALIK & CHALIK, P.A.**
Attorneys for Plaintiff
10063 N. W. 1st Court
Plantation, Florida 33324
Tel.: (954) 476-1000
Fax: (954) 472-1173
Service: litigation@chaliklaw.com

By: /s/ Debi F. Chalik
    DEBI F. CHALIK
    Florida Bar No. 179566
    Debi@chaliklaw.com