IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PEDRO EULALIA,   Case No. 1:24-cv-24761-BB

    Plaintiff,

v.   Hon. Beth Bloom

FRONTIER AIRLINES, INC.,

    Defendant.
_____/

## DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, answers Plaintiff's Amended Complaint as follows:

### STATEMENT OF JURISDICTION

The allegations in the Statement of Jurisdiction paragraph consist of legal conclusions, and, therefore, Frontier has no obligation to respond. To the extent a response is necessary, Frontier admits that the Court possesses subject matter jurisdiction over this matter.

### STATEMENT OF FACTS

1. Frontier admits that it is a Colorado corporation, domiciled in Colorado, and registered and doing business as a foreign corporation in the State of Florida.

2. Frontier admits to the allegations in Paragraph 2.

3. Frontier denies the allegations in Paragraph 3.

4. Frontier denies the allegations in Paragraph 4.

## COUNT I - NEGLIGENCE AGAINST FRONTIER

5. The allegations in Paragraph 5 consist of legal conclusions, and, therefore, Frontier has no obligation to respond. To the extent a response is necessary, Frontier denies the allegations in Paragraph 5.

6. The allegations in Paragraph 6 consist of legal conclusions, and, therefore, Frontier has no obligation to respond. To the extent a response is necessary, Frontier admits only those duties imposed upon it by applicable law and denies all other allegations in Paragraph 6.

7. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 7.

8. Frontier denies the allegations in Paragraph 8.

9. Frontier denies the allegations in Paragraph 9.

10. Frontier denies the allegations in Paragraph 10.

## GENERAL DENIAL

Any allegation directed to Frontier not expressly admitted or responded to is hereby denied.

## AFFIRMATIVE DEFENSES

Frontier asserts the following affirmative defenses to preserve them for trial. Frontier reserves the right to add or withdraw applicable defenses as appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state facts sufficient to state a claim for relief against Frontier.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff may lack capacity and/or standing to bring this action.

**THIRD AFFIRMATIVE DEFENSE**

To the extent Plaintiff was injured, Frontier was not the actual cause of those injuries.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were proximately caused by the acts or omissions of other persons and entities over whom Frontier had no control or right of control, and said acts or omissions were the sole proximate cause of Plaintiff's damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by the acts or omission of other persons or entities which Frontier is not liable or responsible. In the event Frontier is found liable to the Plaintiff, which Frontier expressly denies, Frontier may be entitled to indemnification contribution or apportionment of liability and fault pursuant to applicable law.

**SIXTH AFFIRMATIVE DEFENSE**

Claims and recovery by Plaintiff may be barred, in whole or in part, under the applicable laws governing comparative fault, contributory negligence, and/or assumption of the risk due to the acts or omissions of the Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

The damages, if any, of the Plaintiff may have been directly and proximately caused by an unavoidable accident or act of God for which Frontier is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed on the ground that Plaintiff has failed to join necessary and indispensable parties.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, may be barred and/or limited under applicable law.

### TENTH AFFIRMATIVE DEFENSE

Frontier complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, may be barred and/or limited under applicable law due to the Plaintiff's failure to mitigate damages.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred in whole or in part because Plaintiff may have already received full satisfaction and/or compensation for his injuries and damages, if any, and his claim may be barred by Plaintiff's prior release of claims and/or accord and satisfaction with any entity.

### THIRTEENTH AFFIRMATIVE DEFENSE

An award or judgment rendered in favor of the Plaintiff must be reduced by the amount of benefits Plaintiff received, or is entitled to receive, from any source as a result of the alleged incident.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part and/or preempted by federal law or International Conventions.

### FIFTEENTH AFFIRMATIVE DEFENSE

Frontier reserves its rights to assert any and all additional defenses as may be revealed by further investigation and discovery and to supplement and amend its affirmative defenses as necessary in light of any fact's allegations, claims, or changes or modifications in the law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Frontier asserts that Plaintiff is barred or limited from recovery as Plaintiff's injuries and claims for damages pre-existed this accident or arose from a subsequent accident not related to this accident.

## PRAYER FOR RELIEF

Frontier prays for the following relief from this court:

1. A judgment that Plaintiff takes nothing from Frontier by way of his Amended Complaint;

2. An award to Frontier of costs of suit and recoverable attorneys' fees; and

3. Such other and further relief as this court deems proper.

## DEMAND FOR JURY TRIAL

Frontier hereby demands a trial by jury.

Dated: January , 2025

                                            By: /s/ *David H. Echavarria*
                                            DAVID H. ECHAVARRIA, ESQ.
                                            Florida Bar No. 027720
                                            **WADSWORTH, MARGREY & DIXON**
                                            261 N.E. 1st Street, 5th Floor
                                            Miami, Florida 33132
                                            Phone (305) 777-1000
                                            Email: de@wmd-law.org

                                            -and-

                                            BRIAN T. MAYE, ESQ.
                                            (Admitted Pro Hac Vice)
                                            Fitzpatrick, Hunt & Pagano, LLP
                                            10 South LaSalle Street, Suite 3400
                                            Chicago, Illinois 60603
                                            Phone (312) 728-4000
                                            Email: brian.maye@fitzhunt.com

*Attorneys for FRONTIER AIRLINES, INC.*

## CERTIFICATE OF SERVICE

I certify that on January 2, 2025, I caused the foregoing to be served via the CM/ECF filing system to all counsel of record.

By: /s/ *David H. Echavarria*